UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAUDENCIO ESTRADA,<br><br>                         Petitioner,<br><br>         v.<br><br>DOMINGO URIBE, Warden,<br><br>                         Respondent. | Civil No.   09cv1469-LAB (CAB)<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. No. 7]** |

Petitioner Gaudencio Estrada, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter comes before the Court on consideration of Respondent Domingo Uribe's motion to dismiss the Petition. Having considered the motion, the opposition thereto, and relevant legal authority, this Court **RECOMMENDS** that the motion to dismiss be **GRANTED**.

## I. BACKGROUND

According to the Petition, Petitioner was sentenced to 15 years to life for second degree murder. (Pet. 1-2.) In this habeas action, Petitioner challenges the decision of the Board of Prison Terms ("Board") finding him unsuitable for parole. Petitioner argues the denial violated his due process rights, because the Board's decision improperly relied on his commitment offense and was not based on any evidence. (Pet. 6.) Petitioner filed his federal habeas petition on July 6, 2009. [Doc. No. 1.] On October 16, 2009, Respondent filed a motion to dismiss the petition ("Resp't Mem."), arguing that Petitioner's claim was barred by the applicable one-year statute of limitations. [Doc. No. 7] Petitioner

has filed an opposition to the motion to dismiss ("Pet'r Opp'n"), in which he argues that he is entitled to equitable tolling. [Doc. No. 12.]

## II. DISCUSSION

Respondent argues that the Petition should be dismissed with prejudice, because Petitioner's claim that the Board's denial of parole violates his due process rights is barred by the applicable statute of limitations. (Resp't Mem. 3.) Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that the statute of limitations commences when the final administrative appeal is denied. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period); *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (same); *see also In re Dexter*, 603 P.2d 35 (1979) (state habeas petition challenging administrative determination not cognizable until the conclusion of administrative proceedings). Moreover, once the statute begins to run, it is tolled during the pendency of any "properly filed" state collateral attack on the judgment. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

In this case, Petitioner did not file an administrative appeal. Therefore, the decision becomes final 120 days after the date of the hearing. *See* Cal. Penal Code § 3041(b). The board denied parole on

1  April 6, 2006, and the parole decision became final 120 days later, on August 4, 2006.  Accordingly, the
2  limitations period commenced on August 5, 2006.  Under Section 2244(d)(1)(D), Petitioner had one
3  year, until August 4, 2007, absent applicable tolling, in which to file his federal petition for writ of
4  habeas corpus.
5      The statute of limitations is tolled during the pendency of any "properly filed" collateral attack in
6  the state courts.  *Artuz v. Bennet*, 531 U.S. 4, 7-8 (2000).  The Ninth Circuit has held that "the statute of
7  limitations is tolled from the time the first state habeas petition is filed until the California Supreme
8  Court rejects the petitioner's final collateral challenge."  *Nino*, 183 F.3d at 1006.  As such, the AEDPA
9  one-year limitations period would be tolled during the period in which Petitioner was properly pursuing
10 his state remedies.  Tolling begins "from the time the first state habeas petition is filed until the
11 California Supreme Court rejects the petitioner's final collateral challenge" but the statute of limitations
12 is not tolled "from the time a final decision is issued [] and the time the first state collateral challenge is
13 filed because there is no case 'pending' during that interval."  *Id*.
14     Here, Petitioner's one-year limitations period expired on August 4, 2007.  Petitioner did not file
15 his state habeas petition challenging the Board's denial of parole until August 21, 2007.[1]  (Lodgment 1.)
16 Petitioner's state habeas petition was filed after AEDPA's one-year statute of limitations had already
17 expired, and statutory tolling does not apply in this case.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823
18 (9th Cir. 2003) (tolling provision does not restart the running of the limitations period if it expired before
19 state collateral review began); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *see also Nino*, 183
20 F.3d at 1006 (statutory tolling does not apply to a period between the end of direct review and the
21 beginning of state collateral review).  Unless equitable tolling applies, the instant petition is time-barred.
22     The one-year limitations period can be equitably tolled because Section 2244(d) is a statute of
23 limitations and not a jurisdictional bar.  *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283,
24 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163

---

[1] Although the state habeas petition is stamped August 28, 2007, Petitioner signed it on August 21, 2007.  "Under the 'prison mailbox rule' . . . a prisoner's . . . habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court."  *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988).  The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001).

F.3d 530, 540 (9th Cir. 1998). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). This high bar is necessary to effectuate AEPDA's statutory purpose of encouraging prompt filings in federal court. *See Carey v. Saffold*, 536 U.S. 214, 226 (2002). Plaintiff bears the burden of showing that equitable tolling applies and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Raspberry*, 448 F.3d at 1153 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Whether equitable tolling is in order turns on an examination of detailed facts. *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002).

Petitioner appears to argue that equitable tolling should apply in this case because of lock-downs at the prison and his difficulty with the English language. (Pet'r Opp'n 2.) A *pro se* petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry*, 448 F.3d at 1154. Moreover, in considering a claim of language barrier under the equitable tolling doctrine, the Ninth Circuit has "conclude[d] that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1071 (9th Cir. 2006) (footnote omitted). The court emphasized that to qualify for equitable tolling, an inmate would have to show not only inability to access foreign language materials and/or an English translator, but diligence in attempting to locate one or the other. *Id.*

The Court finds Petitioner has not made an adequate showing. In his opposition, Petitioner refers to a time during the filing of his "Petition for Writ of Habeas Corpus." It is unclear whether he is referring to his state or federal petition, but then he references dates of September 11, 2007 and December 18, 2007. (Pet'r Opp'n 1.) These dates are past AEDPA's one-year limitation period, which expired on August 4, 2007. While the Ninth Circuit does not require that Petitioner allege specific dates

and times, *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006), it is not clear from Petitioner's opposition that these alleged extraordinary circumstances occurred "during the running of the AEDPA time limitation." *Mendoza*, 449 F.3d at 1070.

Further, Petitioner summarily lays out the obstacles he had while he was in prison:

> 4. When I'm asked about any delay in filing my Petition I've always let the lower courts know that lockdowns happen on a frequent basis. At Soledad, there's always restricted access to the library for legal research and use of typewriters.
>
> 5. I've also let the lower courts know [about] my language barrier, to an extent that Spanish is my primary language.
>
> 6. While at Soledad, I tried diligently to gain access to the prison's law library, but lockdowns and my need for help, with my Primary language being Spanish, made it very hard to file my petition.
>
> 7. There are only two men who have done their best to help me with this Petition for Writ of Habeas Corpus; one is here with me at Centinela State Prison.

(Opp'n 1-2.)

Petitioner has not shown that his language barriers prevented him from timely seeking an appeal or collateral review during the relevant time period, August 5, 2006 to August 4, 2007. Petitioner does not allege that he did not have access to Spanish language materials or that he was unable to locate a Spanish translator to help him file an appeal or petition. Moreover, the Court cannot tell from the record whether during the relevant time period he was exercising diligence in search of Spanish language legal materials or a Spanish interpreter or translator. Petitioner claims that he tried diligently to gain access to the library but provides no further detail on the efforts he made. He claims that two men helped him with this federal petition, which was filed well after the statute of limitations had run, but the record does not show whether Petitioner tried to obtain the assistance of a translator during the relevant time period. Thus, petitioner's showing of facts supporting equitable tolling is deficient. Petitioner fails to meet his burden of establishing extraordinary circumstances that would entitle him to equitable tolling.

The instant petition was filed after AEDPA's one-year statute of limitations had expired, and neither statutory nor equitable tolling apply in this case. Therefore, the Court **RECOMMENDS** that the motion to dismiss the Petition based on statute of limitations grounds be **GRANTED**.

///

///

### III.  CONCLUSION

For the reasons discussed above, the Court **RECOMMENDS** that the motion to dismiss be **GRANTED** and this case be **DISMISSED** with prejudice.  This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **April 30, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **ten days after being served with the objections**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 30, 2010

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge