# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAUDENCIO ESTRADA,<br><br>                              Petitioner,<br>  vs.<br>DOMINGO URIBE,<br><br>                              Respondent. | CASE NO. 09cv1469-LAB (CAB)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

On July 6, 2009, Plaintiff filed a petition for writ of habeas corpus, challenging his denial of parole. On July 16, the Court issued a notice warning Petitioner that his claims might be time-barred. On October 16, Respondent moved to dismiss. The motion to dismiss was referred to Magistrate Judge Cathy Ann Bencivengo for report and recommendation, pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d).

On March 30, 2010, Judge Bencivengo issued her report and recommendation (the "R&R"), recommending that the motion to dismiss be granted and the petition denied as untimely. The R&R ordered the parties to file any objections no later than April 30, 2010, and cautioned the parties that failure to object within the specified time may waive their right to raise those objections on appeal. Neither party has filed objections. Petitioner has not sought additional time in which to object, nor has he filed anything else since the R&R was issued.

/ / /

1   The Court is required to make a de novo determination of those portions of the R&R to which an objection is made. 28 U.S.C. §636(b)(1). Section 636(b)(1) does not, however, require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) *See also Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979) ("If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.")

The R&R made findings as to the dates the denial of parole became final, and the date Petitioner filed his petition in state court as required under AEDPA, and concluded AEDPA's one-year limitations period had expired two weeks before Petitioner even filed his petition in state court. The R&R therefore concluded Petitioner was ineligible for statutory tolling, and proceeded to consider whether he might be eligible for equitable tolling. The R&R notes Petitioner claimed he was having difficulty filing his petition because he is a Spanish speaker, and because of frequent lockdowns in the prison where he was held. However, the R&R found no evidence of diligence and no specific examples of lockdowns while he should have been attempting to prepare his habeas petitions. Because no party has objected to these or other factual findings, the Court **ADOPTS** them. The Court has also reviewed the R&R's analysis of the law and legal conclusions, and finds them to be correct. The Court agrees with the R&R's conclusion that there is no basis for equitable tolling. Because Petitioner's federal petition is untimely and he is not entitled to tolling, it must be denied.

Although the R&R did not rely on this fact, the Court also notes that Petitioner's state habeas petition was denied by the California Supreme Court on July 23, 2008 (Petition, Cover Page A and Exh. A-1 (Docket number 1-1 at 1–2.)) Petitioner therefore waited almost a year <u>after</u> denial of his petition by the state court before filing his petition in federal court. Even if he were entitled to some tolling, *see Holland v. Florida*, ___ S.Ct. ___, 2010 WL

2346549, slip op. at *9 (June 14, 2010) (holding that AEDPA's statutory limitations period may be tolled in appropriate cases), his petition in this court comes approximately a year too late. Petitioner's arguments in favor of tolling clearly do not explain such a late filing or support tolling for such a long period of time.

The Court therefore **ADOPTS** the R&R and **GRANTS** the motion to dismiss. The Petition is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 2, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge